ISRAEL J. ERLICH AND RUTH ERLICH, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4871–67. Filed June 10, 1970.

*Sidney J. Matzner*, for the petitioners.
*Robert H. Feldman*, for the respondent.

OPINION

FAY, *Judge:* Respondent determined a deficiency in petitioners' Federal income tax for the calendar year 1965 in the amount of $1,911.34.

The only issue for decision is whether a sole proprietorship using the reserve method for bad debts is required to restore the reserve to income when it transfers its accounts receivable to a corporation in a section 351 [1] transfer.

All of the facts have been fully stipulated. The stipulation of facts and the exhibit attached thereto are incorporated herein.

Israel J. Erlich (Erlich) and Ruth Erlich, husband and wife, resided in Los Angeles, Calif., at the time they filed their petition herein. Petitioners, who are cash-basis taxpayers, filed a joint Federal income tax return for 1965 with the district director of internal revenue, Los Angeles, Calif.

Prior to May 31, 1965, Erlich was a broker in the poultry business. He operated as a proprietorship known as I. J. Erlich Co., which generally employed the accrual method of accounting. As to bad debts, however, the proprietorship used the reserve method of accounting for Federal income tax purposes. After forming a corporation known as I. J. Erlich Co., Inc., Erlich on May 31, 1965, terminated his business operations as a proprietorship. He transferred the property of the proprietorship to the corporation solely in exchange for stock in the corporation. This exchange qualified for tax-free treatment under section 351. Included in the assets transferred were accounts receivable subject to a reserve for bad debts.

In his statutory notice of deficiency for 1965, respondent restored to petitioners' income the amount of the proprietorship's reserve for bad debts, as corrected, at the time of the transfer.

Until recently a conflict existed as to the issue presented in the instant case. The U.S. Supreme Court has now held that in a section 351 transfer where the value of the securities received by the transferor with respect to the accounts receivable was limited to the face value of the receivables less the amount of the reserve for bad debts, then

---

[1] SEC. 351. TRANSFER TO CORPORATION CONTROLLED BY TRANSFEROR.

(a) GENERAL RULE.—No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation and immediately after the exchange such person or persons are in control as defined in section 368(c) of the corporation. * * *

the transferor does not have to add back to income unused amounts in his bad debt reserve computed under section 166(c). *Nash* v· *United States*, 398 U.S. 1 (1970). The Supreme Court specifically reasoned:

All that petitioners received from the corporations were securities equal in value to the net worth of the accounts transferred, that is the face value less the amount of the reserve for bad debts. If, as conceded, there is no "gain" or "loss" recognized as a result of the transaction, it seems anomolous to treat the bad debt reserve as "income" to the transferor.[4] [Footnote omitted.]

The facts in *Nash* are indistinguishable from those in the case at bar. We therefore hold that respondent erred in restoring to petitioners' income the amount of the proprietorship's reserve for bad debts at the time of the transfer.

*Decision will be entered under Rule 50.*